UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:06-cr-0081-JMS-TAB |
| | ) | |
| JEFFERY GLEN DIXON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petitions") filed on February 28, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 7, 15, and 21, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 7, 2022, defendant Jeffery Glen Dixon appeared in person with his retained counsel, Glen Koch, II. The government appeared by Nick Linder, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Brent Witter, who participated in the proceedings.

On March 15, 2022, defendant Jeffery Glen Dixon appeared in person with his retained counsel, Glen Koch, II. The government appeared by Abhishek Kambli, Assistant United States

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

Attorney. The United States Probation Office ("USPO") appeared by Officer Brent Witter, who participated in the proceedings.

On March 21, 2022, defendant Jeffery Glen Dixon appeared in person with his retained counsel, Glen Koch, II. The government appeared by Abhishek Kambli, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Brent Witter, who participated in the proceedings.

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Dixon of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Dixon questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Dixon and his counsel, who informed the court they had reviewed the Petition and that Mr. Dixon understood the violations alleged. Mr. Dixon waived further reading of the Petition.

3. The court advised Mr. Dixon of his right to a preliminary hearing and its purpose. Mr. Dixon was advised of the rights he would have at a preliminary hearing. Mr. Dixon stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4. The court advised Mr. Dixon of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the

United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.  Mr. Dixon, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."** |
| | The Court was previously advised Mr. Dixon was arrested and charged with Failure to Register as a Sex or Violent Offender (Felony), in violation of I.C. 11-8-8-18(a)(1), in Johnson County, Indiana, Circuit Court under Case Number 41C01-2106-F6-000307. On December 9, 2021, Mr. Dixon plead guilty to the above referenced charge. |

6.  The Court placed Mr. Dixon under oath and directly inquired of Mr. Dixon whether he admitted violation number 1 of his supervised release set forth above. Mr. Dixon admitted the violation as set forth above.

7.  The Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

8.  The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Dixon's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of Mr. Dixon's supervised release, therefore, is 4 - 10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9.  The parties jointly recommended a sentence of ten (10) months with lifetime supervision to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant,

3

JEFFERY GLEN DIXON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of ten (10) months with lifetime supervision to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the Court or probation officer. Justification: This condition is an administrative requirement of supervision.

3. You shall permit the probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit the confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the offender for protection of the community.

4. You shall not knowingly leave the judicial district without permission of the Court or probation officer. Justification: This condition is an administrative requirement of supervision.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.  Justification: This condition is an administrative requirement of supervision.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and for protection of the community.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the offender for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.  Justification: This condition will assist the probation officer in monitoring the offender for protection of the community and is a requirement pursuant to federal law.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. Justification: This condition will ensure the offender maintains gainful employment and aid in reducing recidivism.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm you compliance with this requirement. Justification: This condition is aimed at reducing recidivism and for protection of the community.

12. You shall make a good faith effort to follow the instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing recidivism and complying with Court ordered conditions.

13. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: Sex offender specific assessment, treatment and physiological treatment; computer monitoring; and, polygraph examinations. The probation officer shall determine your ability to pay and any schedule of payment.  Justification: This condition will help the offender invest in his rehabilitation.

14. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches. Justification: This condition will assist the probation officer in monitoring the offender for protection of the community.

15. All employment shall be approved in advance by the probation officer. Justification: This condition will assist the probation officer in monitoring the offender for protection of the community.

16. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer.  Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision. Justification: This condition is aimed at reducing recidivism and for protection of the community.

17. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the Court. Justification: This condition is aimed at reducing recidivism and for protection of the community.

18. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above. Justification: This condition is aimed at reducing recidivism and for protection of the community.

19. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18. Justification: This condition is aimed at reducing recidivism and for protection of the community.

20. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.  Justification: This condition is aimed at reducing recidivism and for protection of the community.

21. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will aid in addressing the offense history of sexual deviancy and reduce recidivism.

22. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance

      all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment. Justification: This condition is aimed at reducing recidivism and for protection of the community.

23. You shall not own or possess any animals. Justification: The offender has a self-disclosed history of sexually offending against animals.

Defendant Dixon reviewed the foregoing conditions with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release. The Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

      Counsel for the parties and Mr. Dixon stipulated in open court waiver of the following:

      1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

      2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

      Counsel for the parties and Mr. Dixon entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Dixon's supervised release, imposing a sentence of imprisonment of ten (10) months with lifetime supervision to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 3/23/2022

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system